**ICC CHEMICAL CORPORATION,**
**Plaintiff,**

v.

**The INDUSTRIAL AND COMMERCIAL**
**BANK OF CHINA, Defendant.**

**No. 95 Civ. 3338 (SS).**

United States District Court,
S.D. New York.

May 9, 1995.

Brandon T. Davis, Davis Pfahl & Fix, P.C., for plaintiff.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff ICC Chemical Corporation ("ICC") moves before me, as the Part I judge, *ex parte* for prejudgment attachment pursuant to FED.R.CIV.P. 64 and New York's Civil Practice Law and Rules, Section 6211. The underlying claim is based on the alleged wrongful dishonor of a Letter of Credit (the "Letter") by defendant the Industrial and Commercial Bank of China (the "Bank"). ICC seeks to attach approximately $1.2 million of the Bank's assets, allegedly deposited in New York bank accounts.

ICC advises me that the Bank is an agency or instrumentality of the People's Republic of China, a foreign state as defined in the Foreign Sovereign Immunities Act (the "Act"), 28 U.S.C. § 1603(b)(2) (1988). ICC acknowledges that the Act normally would prohibit prejudgment attachment of defendant's assets. ICC maintains, however, that the Bank's incorporation into the Letter of the Uniform Customs and Practices for Documentary Credits, Int'l Chamber of Commerce, Pub. 500 (1993 revision) (the "UCP"), acts as a waiver of immunity from prejudgment attachment pursuant to 28 U.S.C. § 1610(d). (Davis Aff. Ex. A)

According to Section 1610(d),

[t]he property of a foreign state ... used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States ... if—

(1) the foreign state has *explicitly waived its immunity from attachment prior to judgment* ... (emphasis added)

Thus, the issue here is whether incorporation of the UCP in the Letter of Credit was an explicit waiver of immunity from prejudgment attachment.

There are two Second Circuit cases defining what is, and is not, explicit waiver under the Act. In *Libra Bank Ltd. v. Banco Nacional de Costa Rica,* 676 F.2d 47, 49 (2d Cir.1982), defendant issued four promissory notes, each "waiv[ing] any right or immunity from legal proceedings including suit judgment and execution on grounds of sovereignty ..." This was held to be an explicit waiver of immunity under the Act because, although the words "prejudgment interest" were not explicitly mentioned, the waiver demonstrated a *"clear and unambiguous intent* to waive all claims of immunity in all

**2**

legal proceedings." *Id.* (emphasis added) In *S & S Machinery Co. v. Masinexportimport,* 706 F.2d 411 (2d Cir.1983), in contrast, a statement in a trade agreement prohibiting State owned parties from "claim[ing] or enjoy[ing] immunities from suit or execution of judgment or other liability ...," *id.* at 417, was not a waiver of immunity for prejudgment attachment under the Act. The Court said that the waiver of immunity from suit and execution had no bearing on the prejudgment attachment issue. It then held that the reference to immunity from "other liability" did not apply because "[t]he phrase ... is ill-suited to encompass prejudgment attachments ... [and] ... it is by no means clear that prejudgment attachments are liabilities. The better view seems to be that such attachments ... are provisional remedies authorized to assure that prevailing parties will have meaningful recovery." *Id.*

Applying these principles here, I do not think that the Letter explicitly waived immunity to prejudgment attachment by incorporating the UCP. There is no reference in the Letter to immunity, liability or legal proceedings. There is no mention in the UCP of immunity or provisional remedies. Although Article 9 of the UCP defines the liability of an issuing bank on an irrevocable Credit, which was the kind of Credit issued here, it does not mention legal proceedings or anything else about enforcement of its provisions. Given the interpretation of the term "liability" in *S & S Machinery,* the incorporation of Article 9 into the Letter does not manifest a clear and unambiguous intent to waive immunity from prejudgment attachment. Of course, this does not mean necessarily that the Letter's incorporation of the UCP did not waive immunity to attachment in aid of execution of a judgment by implication pursuant to 28 U.S.C. 1610(a). *See S & S Machinery,* 706 F.2d at 416. But in these circumstances, the Bank did not explicitly waive immunity to prejudgment attachment.

Plaintiff's motion is denied.

SO ORDERED.